UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK AUMANN,

        Plaintiff,                    CIVIL ACTION NO. 13-10304

vs.

                                     DISTRICT JUDGE BERNARD A. FRIEDMAN

COMMISSIONER OF               MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

REPORT AND RECOMMENDATION

**I.   RECOMMENDATION:** This Court recommends that Plaintiff's motion for remand pursuant to sentence four (docket no. 10) be **GRANTED** and Defendant's motion for summary judgment (docket no. 18) be **DENIED**. The Commissioner's decision should be reversed and this matter should be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**II.   PROCEDURAL HISTORY:**

Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits on February 2, 2009, alleging disability beginning September 16, 2007 due to degenerative disc disease and severe mental depression. (TR 107-08, 116, 130). The Social Security Administration denied benefits initially and upon reconsideration. Thereafter, Plaintiff filed a request for a *de novo* hearing. On July 19, 2011 Plaintiff appeared with counsel and testified at a hearing held before Administrative Law Judge (ALJ) Michael E. Finnie.[1]   (TR 23-54).

---

[1]The ALJ's decision and the parties state that the hearing was held in Oak Park, Michigan.  The hearing transcript states that the hearing was held in Dallas, Texas.  Neither the

Vocational Expert (VE) Suzette Skinner also appeared and testified at the hearing. During the hearing Plaintiff amended his disability onset date to November 1, 2009. (TR 27-28). In a January 23, 2012 decision the ALJ found that Plaintiff was not entitled to disability benefits because he remained capable of performing jobs that exist in significant numbers in the national economy. The Appeals Council declined to review the ALJ's decision and Plaintiff filed a complaint for judicial review.

### III.      PLAINTIFF'S TESTIMONY AND MEDICAL EVIDENCE

#### A.       Plaintiff's Testimony

Plaintiff was forty-five years old on the alleged disability onset date and approximately forty-seven years old on the amended disability onset date. He is married with two minor children and he has a high school education. (TR 29). He worked in the past as a machinist. (TR 29). He stated that he is disabled and can no longer work because he has severe back pain, difficulty concentrating, anxiety, and major depression. He stated that he has constant back pain radiating to his legs. His right leg is numb. (TR 30). He takes cyclobenzaprine, indomethacin, tramadol, and baclofen. The medications make him drowsy and cause dizzy spells. (TR 30-31, 35). He has had epidural steroid injections and two rhizotomies but he is not presently recommended for surgery. He spends at least two hours each day in bed with his feet elevated. He estimated that he can sit or stand for approximately thirty minutes at a time, he can walk one city block, and he can lift one gallon of milk. (TR 42-43).

Plaintiff testified that his severe depression and anxiety worsened in the past three to four years. He has a difficult time concentrating, getting along with people, and he isolates from others.

---

hearing transcript nor the parties state that the hearing was held by video conference.

He has a driver's license and he is able to drive short distances. He sees a psychiatrist, a therapist, and he attends church groups on a regular basis. He believes he could sometimes follow work rules, sometimes understand and follow simple instructions, and function independently without close supervision for short periods of time. He gets anxious and does not think he could behave in an emotionally stable manner on a job. (TR 38).

**B.     Medical Evidence**

The undersigned has thoroughly reviewed Plaintiff's medical record. In lieu of summarizing Plaintiff's medical history, the undersigned will make references and citations to the record as necessary in response to the parties' arguments.

**IV.    VOCATIONAL EXPERT TESTIMONY**

The ALJ asked the VE to testify whether jobs were available for an individual with Plaintiff's age, education, and past work experience who was able to perform light work with only occasional climbing of ramps or stairs, stooping, kneeling, or crouching, and no climbing of ladders, ropes or scaffolds. (TR 50). The VE testified that the hypothetical individual could not perform Plaintiff's past work as a machinist, but could perform light, unskilled work as a cashier (DOT 211.462-010), cafeteria attendant (DOT 311.677-010), or ticket seller (DOT 211.467-030), comprising 11,200 jobs in Michigan.

The VE testified that work would be precluded if the individual frequently needed to take unscheduled breaks to isolate himself and remove himself from stressful situations, or if he consistently missed one day of work each month. (TR 51-52). Work would also be precluded if the individual in the first hypothetical had limitations in concentration, attention, and focus that would take him off-task more than ten percent of his work day, or if he needed to lay down two to three

3

hours each day because of pain or medication side effects. If the individual required limited contact with the general public, or if his testimony was fully credible, he would not be able to perform the listed jobs. Furthermore, if the individual was markedly limited in his ability to maintain concentration and attention for an extended period, make simple work-related decisions, or work a normal work day or work week without interruptions from psychologically based symptoms, he would not be able to sustain competitive employment.

## V. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff meets the insured status requirements through December 31, 2012. The ALJ further found that although Plaintiff has not engaged in substantial gainful activity since September 16, 2007, and suffers from the severe impairment of degenerative disc disease of the lumbar spine, he does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform less than the full range of light work in that he can lift and carry ten pounds frequently and twenty pounds occasionally, stand or walk six hours in an eight hour work day, sit six hours in an eight hour work day, with only occasional climbing of ramps, stairs, stooping, kneeling, or crouching, and no climbing of ladders, ropes, or scaffolds. The ALJ concluded that Plaintiff is unable to perform his past relevant work but can perform jobs that exist in significant numbers in the national economy. Consequently, the ALJ found that Plaintiff has not been under a disability, as that term is defined in the Social Security Act, from September 16, 2007 through January 23, 2012, the date of the ALJ's decision.

## VI. LAW AND ANALYSIS

### A. Standard Of Review

Pursuant to 42 U.S.C. § 405(g), the district court has jurisdiction to review the Commissioner's final decisions. Judicial review under this statute is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999).

**B.      Framework for Social Security Disability Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five step sequential analysis. In the first four steps, Plaintiff was required to show that:

1. he was not engaged in substantial gainful employment; and
2. he suffered from a severe impairment; and
3. the impairment met or was medically equal to a "listed impairment;" or
4. he did not have the residual functional capacity to perform his past relevant work.

20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented him from doing his past relevant work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education and past work experience to determine if he could perform other work. If he could not, he would be deemed

disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987) (citation omitted). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question if the question accurately portrays the plaintiff's physical and mental impairments. *Id.* (citations omitted).

**C.     Analysis**

The Social Security Act authorizes "two types of remand: (1) a post-judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the Secretary (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Secretary (a sentence-six remand)." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence four remand, the Court has the authority to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a hearing." 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, No. 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff challenges the ALJ's decision to exclude his mental impairments from the RFC determination and claims that the ALJ failed to properly evaluate the June 2011 opinion of his

6

treating psychiatrist, Dr. Nair. The undersigned will first address the ALJ's assessment of Dr. Nair's opinion.

*1.     Treating Physician Rule*

Plaintiff argues that the ALJ improperly evaluated and failed to give good reasons for assigning only little weight to the June 2011 opinion of Dr. Malathy Nair. Dr. Nair completed a Mental Impairment Questionnaire on June 1, 2011. (TR 426-31). In the questionnaire he wrote that he evaluated Plaintiff every one to three months for fifteen minutes. He did not indicate how many months or years he had been treating Plaintiff, but did document that Plaintiff's highest GAF in the past year was 45. The doctor checked boxes showing that Plaintiff had the following signs and symptoms: (a) poor memory, (b) appetite disturbance, (c) sleep and mood disturbances, (d) emotional lability, (e) anhedonia or pervasive loss of interest, (f) feelings of guilt and worthlessness, (g) difficulty thinking or concentrating, (h) social withdrawal or isolation, (i) blunt, flat or inappropriate affect, (j) decreased energy, (k) generalized persistent anxiety, and (l) pathological dependence or passivity. He stated that Plaintiff would have no medication side effects that would interfere with working and opined that Plaintiff's back pain can increase his depressive symptoms. He reported that Plaintiff's impairments would cause him to be absent from work more than three times a month and would make it difficult for Plaintiff to work on a regular and sustained basis. He also stated that Plaintiff struggles with basic daily living skills even with medication and support and he would be unable to work a regular job on a sustained basis.

Dr. Nair checked boxes showing that Plaintiff had marked limitations in the following areas: (a) ability to maintain attention and concentration for extended periods, (b) ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances,

7

(c) ability to sustain an ordinary routine without special supervision, (d) ability to work in co-ordination with or proximity to others without being distracted by them, (e) ability to make simple work-related decisions, (f) ability to complete a normal work day and week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, (g) ability to accept instructions and respond appropriately to criticism from supervisors, (h) ability to respond appropriately to changes in the work setting, and (i) ability to set realistic goals or make plans independently of others. In addition, he found that Plaintiff was moderately limited in his ability to understand, remember, and carry out detailed instructions, interact appropriately with the general public and get along with coworkers, maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness, and travel in unfamiliar places or use public transportation. The ALJ assigned little weight to Dr. Nair's opinion.

It is well-settled that the opinions of treating physicians are generally accorded substantial deference. In fact, the ALJ must give a treating physician's opinion complete deference if it is supported by clinical and laboratory diagnostic evidence and it is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2). When an ALJ determines that a treating source's medical opinion is not controlling, he must determine how much weight to assign that opinion in light of several factors: (1) length of the treatment relationship and frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) specialization of the treating source, and (6) other factors. 20 C.F.R. § 404.1527(c)(2)-(6).

There is no *per se* rule that requires an articulation of each of the six regulatory factors listed

in 20 C.F.R. § 404.1527(c)(2)-(6). *Norris v. Comm'r*, No. 11-11974, 2012 WL 3584664, at *5 (E.D. Mich. Aug. 20, 2012) (citing *Tilley v. Comm'r*, 394 Fed. Appx. 216, 222 (6th Cir. 2010)). An ALJ's failure to discuss the requisite factors may constitute harmless error 1) if "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it;" 2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion;" or 3) "where the Commissioner has met the goal of [§ 1527(c)]—the provision of the procedural safeguard of reasons—even though [he] has not complied with the terms of the regulation." *Nelson v. Comm'r*, 195 Fed. Appx. 462, 470 (6th Cir. 2006) (citing *Wilson v. Comm'r*, 378 F.3d 541, 547 (6th Cir. 2004)). "An opinion may be patently deficient if the treating source offers no explanation to support it." *Fleming v. Comm'r,* Case No. 10–25, 2011 WL 3049146 at *9 (E.D. Tenn. July 5, 2011) (citing *May v. Astrue,* Case No. 09–00090, 2009 WL 4716033 at *8 (S.D. Ohio Dec. 9, 2009)) (finding treating source opinion patently deficient where treating source simply checked boxes about the plaintiff's alleged disability and failed to provide supporting explanations or objective evidence).

The Commissioner requires its ALJs to "always give good reasons in [their] notice of determination or decision for the weight [they] give [a] treating source's opinion." 20 C.F.R. § 404.1527(c)(2). Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson v. Comm'r*, 378 F.3d at 544 (quoting Social Security Ruling (SSR) 96-2p, 1996 WL 374188, at *5 (1996)).

Here, the ALJ discussed Dr. Nair's opinion and assigned it little weight. In doing so he acknowledged the treating relationship by noting that Dr. Nair said that he sees Plaintiff every one to three months for fifteen minutes at a time. The ALJ did not discuss the length of time that Dr.

9

Nair treated Plaintiff but could not do so because the length of the treating relationship is not disclosed anywhere in Dr. Nair's opinion. Next, the ALJ addressed the supportability of the opinion. 20 C.F.R. § 404.1527(c)(3) states that the more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, or the better an explanation a source provides for an opinion, the more weight the Commissioner will give that opinion. The ALJ accurately noted that Dr. Nair's opinion makes no reference to any treatment note to support the severe limitations. In fact, Dr. Nair's opinion provides no explanation and makes no reference to evidence or objective findings whatsoever to support the opinion.

Dr. Nair's opinion states that Plaintiff is unable to work because he continues to struggle with basic daily living skills despite the fact that he takes medication for his mental symptoms. Contrary to Dr. Nair's opinion, the ALJ reviewed Plaintiff's Adult Function Report and concluded that Plaintiff engages in a relatively full complement of activities and is able to independently initiate and participate in activities of daily living. The Adult Function Report states that Plaintiff is able to do laundry, wash dishes, clean counters, assist his wife with dinner preparation, prepare simple meals, feed the cat and clean the litter box, help his children with homework, play with his children, fish, and swim. In addition, while Dr. Nair checked a box stating that Plaintiff socially withdraws and isolates, the ALJ found no evidence in Plaintiff's psychiatric treatment assessments that Plaintiff withdraws from or avoids public or social settings. The ALJ also reviewed other evidence of record that indicated to the ALJ that Plaintiff did not have a severe mental impairment that would affect his ability to perform work-related activities.

The undersigned finds that the ALJ assigned a specific weight to the opinion of Dr. Nair, gave good reasons for not according the opinion controlling weight, and complied with 20 C.F.R.

§ 404.1527(c). Because Dr. Nair failed to explain or support his assessment, and made statements that were inconsistent with other evidence of record, the ALJ was not required to assign the opinion controlling weight. The ALJ's treatment of Dr. Nair's opinion is not subject to remand.

*2.     The RFC Determination*

Plaintiff challenges the ALJ's decision to exclude his mental impairments from the RFC determination. He argues that although the ALJ provided an explanation for why he omitted Plaintiff's mental conditions from the RFC determination, his reasoning for doing so relies upon significant mischaracterizations of the record. The undersigned agrees and recommends that this matter be remanded for further consideration of the RFC pursuant to sentence four of 42 U.S.C. § 405(g).

The ALJ is responsible for determining a claimant's RFC. 20 C.F.R. § 404.1546(c). When determining the RFC, the ALJ must review all of the relevant evidence and consider each of the claimant's medically determinable impairments whether or not severe. 20 C.F.R. § 404.1545(a)(1), (2). The RFC assessment is the adjudicator's ultimate finding about what the claimant can do despite his limitations. SSR 96-5p, 1996 WL 374183, at *4 (July 2, 1996).

At step two of the five-step sequential analysis, the ALJ engaged in a rather lengthy discussion of Plaintiff's mental conditions. He reviewed Plaintiff's testimony, history of substance abuse, and mental health treatment. He noted that Plaintiff was diagnosed with alcohol dependence, cannabis abuse, depression, social anxiety, and rule out bipolar disorder. Without citing to any record for support, the ALJ stated that Plaintiff alternates between periods of substance addiction and somewhat brief periods of sobriety, and concluded that Plaintiff's mental health treatment has been secondary to substance abuse addiction issues. He found that Plaintiff's condition improved

substantially with limited treatment and sobriety. The ALJ ultimately concluded that Plaintiff's mental symptoms were nonsevere because there was no evidence that his symptoms would be expected to persist for a continuous twelve month period.

Plaintiff argued and the evidence appears to show that he became sober in October 2009, one month prior to his new onset of disability date. The ALJ did not appear to recognize that Plaintiff's mental health treatment continued long after his sobriety date. He also did not acknowledge the amended onset of disability date. Although many of Plaintiff's mental health records are benign, there is evidence to suggest that he spent entire days laying in bed because he was depressed. (TR 504). There is also clear evidence that he sought continued mental health treatment after his alleged sobriety date. The ALJ did not consider Plaintiff's mental impairments in the RFC determination. Rather, the record suggests that the ALJ considered Plaintiff's physical condition to the exclusion of his mental condition in the steps following step two of the analysis.

The undersigned suggests that a sentence four remand is necessary given the VE's arguable misreading of the evidence with respect to Plaintiff's mental health treatment and sobriety, oversight of the amended onset of disability date, and his failure to consider Plaintiff's mental impairments when making the RFC determination. Accordingly, Plaintiff's motion for remand pursuant to sentence four (docket no. 10) should be granted and Defendant's motion for summary judgment (docket no. 18) be denied.

**REVIEW OF REPORT AND RECOMMENDATION**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a

waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: January 9, 2014        s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: January 9, 2014        s/ Lisa C. Bartlett
                              Case Manager

13